# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:03CV84-H

| | |
|---|---|
| LIFE FITNESS, a DIVISION of ) <br> BRUNSWICK CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLINA SPORTS CLUBS, INC.; ) <br> CSC CARMEL, INC. d/b/a CAROLINA ) <br> SPORTS CLUB; and EDMOND SEERY, ) <br> ) <br> Defendants ) <br> ) | **MEMORANDUM AND ORDER <br> AND JUDGMENT** |

**THIS MATTER** is before the Court on the "Plaintiff's (1) Motion for Summary Judgment and [in the alternative] (2) Motion for Discovery Sanctions" (document #49) filed November 12, 2004. The Defendants have not responded to the Plaintiff's dispositve motion and the time for filing a response has long expired.

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. §636(c), and these motions are now ripe for disposition.[1]

Having carefully considered the arguments, the record, and the applicable authority, the undersigned will <u>grant</u> the Plaintiff's Motion for Summary Judgment and <u>enter</u> a Judgment in its favor, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Life Fitness brings this diversity action for breach of contract pursuant to seven lease

---

[1] This case was recently re-assigned to the undersigned following the death of the former presiding judge, the Honorable H. Brent McKnight.

1

agreements for exercise equipment. In four of the agreements, Plaintiff leased equipment to Defendant Carolina Sports Clubs, Inc. ("Carolina Sports"). Plaintiff leased equipment to Defendant CSC Carmel, Inc. ("CSC Carmel") in the remaining three leases, which were expressly guaranteed by Defendants Carolina Sports and Edmond Seery. Subsequently, Carolina Sports and CSC Carmel defaulted under their respective leases and Carolina Sports and Defendant Seery defaulted on their obligations as guarantors under the three CSC Carmel leases.

Upon Defendants' default, Plaintiff demanded the accelerated balances due under the leases, but the Defendants refused to make payment.

On February 27, 2003, the Plaintiff brought this breach of contract action against these Defendants, as well as three former Defendants who were also guarantors on the leases.[2]

On May 5, 2003, these Defendants filed their Answer, but have done nothing to defend this matter since that date.

On August 16, 2004, these Defendants' counsel, William B. Hamel, moved to withdraw as counsel of record because he had "lost all contact with" his clients. See document #47.

On August 24, 2004, Judge McKnight granted Mr. Hamel's Motion to Withdraw. See document #48. The record reflects that copies of Judge McKnight's Order were mailed to the Defendants but that the envelopes were returned by the United States Post Office with the notation "unable to forward" affixed. See Docket Entries dated September 1 and 3, 2004.

On September 2, 2004, Plaintiff served its First Interrogatories and Requests for Production upon these Defendants.

On October 8, 2004, Plaintiff served its First Requests for Admissions upon Defendants,

---

[2] On February 2, 2004, the Court granted former Defendant U.S.A. Health and Fitness' Motion to Dismiss. On August 3, 2004, default judgment was entered against Defendant Steve Flamos. Former Defendant Jay Lisnek has received a discharge in bankruptcy.

2

asking the Defendants to admit, among other things, that they were parties to the leases as principals and/or as guarantors, that they had defaulted on the leases and guarantees, and that the Plaintiff was entitled to accelerate all amounts due on the leases.

As of this date, the Defendants have not responded to any of the discovery requests, nor sought an extension of time to do so. Further, the Defendants ignored numerous follow-up letters from Plaintiff's counsel regarding the outstanding discovery.

On November 11, 2004, the Plaintiff moved for summary judgment, or, in the alternative, to strike the Answer and enter default judgment, and submitted the "Affidavit of Michael Gallagher," the Plaintiff's Director of Customer Finance, in support of its motions.

As noted above, the Defendants have failed to respond to the Plaintiff's motions, which are ripe for disposition.

## II. SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment should be granted when the pleadings, responses to discovery, and the record reveal that "there is no genuine issue as to any material fact and. . . the moving party is entitled to a judgment as a matter of law." Accord Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). Once the movant has met its burden, the non-moving party must come forward with specific facts demonstrating a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

A genuine issue for trial exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). However, the party opposing summary judgment may not rest upon mere allegations or denials and, in any event, a "mere scintilla of evidence" is insufficient to overcome summary judgment. Id. at 249-50.

When considering summary judgment motions, courts must view the facts and the inferences therefrom in the light most favorable to the party opposing the motion. Id. at 255; Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990); Cole v. Cole, 633 F.2d 1083 (4th Cir. 1980). Indeed, summary judgment is only proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotations omitted).

### III. DISCUSSION

The Plaintiff moves for summary judgment, asking this Court to deem certain facts admitted as a result of Defendants' failure to respond to the discovery requests. Plaintiff argues that these admissions establish that no genuine issue of material fact exists and that Plaintiff is entitled to judgment as a matter of law. Plaintiff further argues that even without the admissions, evidence submitted by Plaintiff establishes that Plaintiff is entitled to summary judgment.

Fed. R. Civ. P. 36(a) provides in pertinent part:

> A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) ... [t]he matter is admitted unless, within 30 days after service of the request ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

Accord North River Ins. Co., Inc. v. Stefanou, 831 F.2d 484, 486 (4th Cir. 1987); and Timmons v. United States, 194 F.2d 357, 359-60 (4th Cir. 1952).

Because Defendants did not timely respond to Plaintiff's Requests for Admission, the matters therein are deemed admitted, including that the Defendants agreed to be bound by the terms of the leases, that they defaulted on their contractual obligations, and that the Plaintiff is entitled to accelerate all amounts due under the leases.

4

Even in the absence of these admissions, Mr. Gallagher's Affidavit clearly establishes the Defendants' liability on the claims as alleged. In short, Mr. Gallagher avers, and the Defendants have failed to dispute, that the Defendants executed the respective leases as lessees and/or guarantors, that the Defendants defaulted on the leases and guarantees, and that as of November 11, 2004, the Defendants were jointly indebted to the Plaintiff in the amount of $133,487.77 including principal and then-accrued interest, with additional interest accruing at the rate of $39.57 per day, and that Defendant Carolina Sports was indebted to the Plaintiff in the additional amount of $172,484.52, with additional interest accruing at the rate of $44.68 per day.

Accordingly, because the pleadings, admissions, and Mr. Gallagher's Affidavit show that there is no genuine issue as to any material fact, the Plaintiff's Motion for Summary Judgment must and will be <u>granted</u>.

## IV. <u>ORDER</u>

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. The Plaintiff's "Motion for Summary Judgment" is **GRANTED** and its "Motion for Discovery Sanctions" (both document #49) is **DENIED AS MOOT**.

2. **JUDGMENT** in favor of the Plaintiff is hereby **ENTERED** against Defendants Carolina Sports Clubs, Inc., CSC Carmel, Inc., and Edmond Seery, jointly and severally, in the principal amount of $140,649.94 with interest from this date at the rate allowed by law, as well as costs of court.

3. An additional **JUDGMENT** in favor of the Plaintiff is hereby **ENTERED** against the Defendant Carolina Sports Clubs, Inc., in the principal amount of $180,571.60 with interest from this date at the rate allowed by law, as well as costs of court.

4. The Clerk is directed to send a copy of this Memorandum and Order and Judgment to

5

counsel for the Plaintiff and to each Defendant at its/his last known address.

**SO ORDERED, ADJUDGED, AND DECREED**.

**Signed: May 11, 2005**

*Carl Horn, III*
_____

Carl Horn, III
United States Magistrate Judge